UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| EMELY LARISSA APARICIO, f/k/a EMELY LARISSA FUNES, | ) ) CIVIL COMPLAINT ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:21-cv-452 ) |
| COMPASS RECOVERY GROUP, LLC, and BRIGHTWATER CAPITAL LLC, | ) ) ) ) **JURY DEMAND** |
| Defendants. | ) |

## COMPLAINT

Now comes EMILY LARISSA APARICIO ("Plaintiff"), complaining as to COMPASS RECOVERY GROUP, LLC ("CRG") and BRIGHTWATER CAPITAL LLC ("Brightwater") (collectively, "Defendants"), as follows:

### JURISDICTION

1. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the action arises under the laws of the United States.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Compass Recovery Group, LLC, has its principal place of business in this District and because Defendant Brightwater Capital LLC is subject to personal jurisdiction here.

### PARTIES

3. Plaintiff is a natural person residing in New York.

4. Defendant Compass Recovery Group, LLC is a New York limited liability company with its principal place of business in this District.

[ 1 ]

5. Defendant CRG is a third-party debt collector. See *Compass Recovery Group, LLC*, http://compassrecoverygroup.com/ ("We perform collection services") (last visited June 8, 2020).

6. Defendant Brightwater Capital LLC is a Florida limited liability company.

7. Brightwater is a purchaser of defaulted consumer accounts.

8. Brightwater has, as its sole business purpose, the collection of those defaulted consumer accounts.

9. Brightwater has continuous and systematic contacts in the State of New York through its principal-agent relationships with Buffalo-area debt collectors, who collect debts on its behalf.

10. Examples of these relationships include use of New Era Asset Management, LLC; Insight Management Partners, LLC; and Defendant CRG—which are all headquartered in this District—to collect from consumers.

11. Plaintiff's harms in this case both "arise from" and are "related to" Brightwater's contacts with the State of New York.

## BACKGROUND

12. In approximately May or June of 2018, Plaintiff obtained a credit account with an ID number ending in 5456 (the "account") with Helzberg Diamonds for the purchase of a diamond ring for personal use.

13. Upon reference, the account balance was approximately $3,647.37.

14. Plaintiff had a steady job at the time, but that employment ended in approximately October 2018.

15. Plaintiff ceased making payments and defaulted on the account.

16. After the account went into default, Defendant Brightwater purchased it.

17. Defendant Brightwater then hired Defendant CRG to collect upon the account.

18. Upon information and belief, the contract between Defendant Brightwater and Defendant CRG establishes a principal-agent relationship, with Brightwater being the principal and CRG being the agent.

19. Furthermore, Defendant Brightwater actively participates in the consumer debt collection process. Its website allows consumers to make payments directly, and Brightwater also allows consumers to dispute or validate their debts directly with Brightwater. *See* Brightwater Capital, https://www.thebrightwatergroup.com/ (last accessed March 27, 2021).

20. Upon information and belief, Defendant Brightwater retained the right to control Defendant CRG's collection activities, including (but not limited to) by reserving the right to "recall" debts placed with CRG if it was dissatisfied with the manner in which CRG collected upon those debts.

21. Although Defendant Brightwater had the right to control Defendant CRG's actions, it failed to prevent CRG from taking the actions described in this Complaint.

22. In fact, Defendant Brightwater almost exclusively hires third-party debt collectors that it knows regularly violate the FDCPA, such as CRG; New Era Asset Management, LLC; and Insight Management Partners, LLC.

23. On information, reference, and belief, Defendant Brightwater knew that CRG regularly violates the FDCPA.

24. Defendant Brightwater knew or should have known of the numerous complaints that consumers have lodged with the Consumer Financial Protection Bureau ("CFPB") against CRG for taking actions such as:

   a. Falsely threatening legal action (Complaint Nos. 2918916, 2920294, 3171354, 3178727, 3512972, 3524380);

   b. Falsely claiming to be a law firm (Complaint No. 2928197); and

   c. Revealing the existence of a consumer's debt to family members (other than spouses) without consent, and repeatedly calling and harassing those family members (Complaint Nos. 2933757, 3349686, 3419727, and 3615252).

25. On information and belief, Defendant Brightwater prefers to hire debt collectors that it knows commit these types of FDCPA violations because this increases its return on investment.

26. On approximately the morning of April 23, 2020, Defendant CRG contacted Plaintiff's employer, the Borough of Manhattan Community College, by telephone and stated that CRG was attempting to reach Plaintiff about a wager garnishment form.

27. Defendant CRG made this telephone call through its employee, who goes by the name "Donna Denton."

28. Ms. Denton claimed that the wage garnishment form was a situation that needed to be resolved "by today."

29. Ms. Denton falsely claimed that Plaintiff had listed the Borough of Manhattan Community College as a secondary contact when she original applied for the account.

30. As a result, Plaintiff received an email from a service desk associate at her place of employment regarding the supposed wage garnishment form.

31. Plaintiff was required to take time while at work to respond to CRG's false threats and representations regarding wage garnishment.

32. Defendant CRG also placed telephone calls directly to Plaintiff and falsely threatened litigation over the account.

33. In reality, Defendant CRG had no ability or intention to sue Plaintiff on the account.

34. Defendant CRG also falsely referred to itself as "Compass Legal," even though it does not have any employees who are lawyers.

35. While on the phone with Plaintiff, Defendant CRG indicated that if Plaintiff did not settle, she would have to pay Defendant CRG's legal fees.

36. This representation was false.

37. After having spoken with Defendant CRG on the phone, Plaintiff settled the account with CRG for a one-time lump sum payment of $1,876.19, which was debited from her bank account.

38. On information and belief, Defendant CRG and Defendant Brightwater both shared in the profit derived from this payment.

39. Lastly, Defendant CRG called Plaintiff's father and informed him of the existence of Plaintiff's account.

40. As a result of the above, Plaintiff's rights have been violated; her privacy has been invaded; and she has felt anxiety over the way that she was treated.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff realleges the paragraphs above as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA because he incurred a loans used to provide for his own everyday subsistence.

43. Defendant CRG is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

44. In the alternative, Defendant CRG, is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

45. Defendant Brightwater is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. Specifically, Plaintiff alleges that the sole purpose of Brightwater is to purchase portfolios of defaulted consumer debts and to collect those debts.

46. In the alternative, Defendant Brightwater is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

47. Defendant CRG's actions violated the following provisions of the FDCPA:

   a. § 1692c(b) by communicating, in connection with the collect of a debt, with Plaintiff's father and Plaintiff's employer and revealing the existence of that debt;

   b. § 1692e(3) by falsely implying that its communications were from attorneys;

   c. § 1692e(5) by falsely representing or implying the nonpayment of the account would result in wage garnishment, lawsuits, an award of attorney fees against Plaintiff, or other further legal actions;

   d. § 1692e(5) by falsely threatening to file a "petition for judgment";

   e. § 1692e(14) by using the false name "Compass Legal" in connection with the collection of the account;

   f. § 1692e(2) and § 1692f(1) by attempting to collect an inflated amount not expressly authorized in Plaintiff's loan agreement or permitted by law, namely additional attorney fees; and

   g. § 1692g(b) by engaging in collection activities and communications during the 30-day dispute period that overshadowed Plaintiff's rights and were inconsistent with Plaintiff's right to dispute the debt, including threatening Plaintiff with legal action and wage garnishment.

46.     Defendant CRG is directly and/or vicariously liable for the actions of its employees.

47.     Defendant CRG is liable under the FDCPA because it is a debt collector, and is therefore responsible for Defendant Brightwater's actions taken on its behalf to collect its debts.  *See Barbato v. Greystone All., LLC*, 916 F.3d 260, 261 (3d Cir. 2019) ("[A]n entity that otherwise meets the 'principal purpose' definition cannot avoid the dictates of the FDCPA merely by hiring a third party to do its collecting."); *see also Mullery v. JTM Capital Mgmt., Ltd. Liab. Co.*, No. 18-CV-549, 2019 U.S. Dist. LEXIS 83139, at *9 (W.D.N.Y. May 16, 2019).

48.     Further, Defendant Brightwater is vicariously liable for CRG's actions under traditional agency principles, as Defendant Brightwater is the principal and Defendant CRG is the agent, and the latter's actions were taken within the scope of the agency relationship.

WHEREFORE, Plaintiff respectfully requests judgment, against both Defendants jointly and severally, as follows:

    **a.**     Awarding Plaintiff statutory damages;

    **b.**     Awarding Plaintiff actual damages;

    **c.**     Awarding Plaintiff reasonable attorney fees;

    **d.**     Awarding Plaintiff the costs of this action; and

    **e.**     Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: March 29, 2021

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*
