UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMELY LARISSA APARICIO, F/K/A EMELY
LARISSA FUNES,

        Plaintiff,

        v.

COMPASS RECOVERY GROUP, LLC, and
BRIGHTWATER CAPITAL, LLC,

        Defendants.

**DECISION AND ORDER**

21-CV-452S

## I.  INTRODUCTION

This is a Fair Debt Collection Practices Act action arising from Defendant Compass Recovery Group, LLC's ("Compass") communications with Plaintiff on behalf of Defendant Brightwater Capital, LLC ("Brightwater") regarding an account on which she had defaulted. Before this Court is Plaintiff's motion to strike Compass's second, third, and seventh affirmative defenses. This Court will grant Plaintiff's motion in part and deny it in part, for the following reasons.

## II.  BACKGROUND

Plaintiff Emely Aparicio obtained a credit account with Helzberg Diamonds for the purchase of a diamond ring. (Complaint, Docket No. 1, ¶ 12.) After losing her job, she defaulted on this account. (Id., ¶ 15.) After Plaintiff's default, Brightwater bought her account and then hired Compass to collect upon it. (Id., ¶ 17.)

On or about April 23, 2020, Compass called Plaintiff's employer, Borough of Manhattan Community College, and stated that it was attempting to reach Plaintiff regarding a wage garnishment form. (Id., ¶ 26.) Compass also called Plaintiff directly,

referring to itself as Compass Legal. It threatened Plaintiff with litigation and falsely stated that if she did not settle her debt, she would have to pay its legal fees. (Id., ¶¶ 32-35.) Compass also called Plaintiff's father and informed him of the account. (Id., ¶ 39.) Plaintiff ultimately settled with Compass for $1,876.19. (Id., ¶ 37.)

Plaintiff filed the complaint in this action on March 29, 2021, alleging violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692k (c). (Docket No. 1.) On June 25, 2021, the Clerk of Court entered default against both defendants. (Docket No. 8.) Three days later, Defendants filed an answer that included eight affirmative defenses. (Docket No. 9.) Presently before this Court is Plaintiff's motion to strike three of Defendants' affirmative defenses (Docket No. 10) and Plaintiff's motion to set a Rule 16 conference. (Docket No. 12.)

Because the Clerk had entered default against Defendants, Defendants' filing of an answer was improper. But because Plaintiff filed her motion to strike after Defendant filed its answer, instead of moving for default judgment, this Court construes that action as Plaintiff's consent to this Court setting aside the entry of default pursuant to Federal Rule of Civil Procedure 55 (c).

After Plaintiff filed her motion to strike, she filed a motion to set a Rule 16 conference. (Docket No. 12.) This motion will be denied. This Court leaves the scheduling of a Rule 16 conference to the discretion of the magistrate judge to whom this matter will be referred.  This Court now turns to the merits of Plaintiff's motion.

### III.  DISCUSSION

Plaintiff moves to strike Defendants' second, third, and seventh affirmative defenses. Defendants have not responded to Plaintiff's motion.

**A.     Failure to Respond to a Motion**

Pursuant to this District's Local Rule of Civil Procedure 7 (a)(2), a party opposing a motion filed pursuant to Federal Rule of Civil Procedure 12 shall file and serve an answering memorandum. "Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party." Id. Defendant has not responded to Plaintiff's motion by the deadline set by this Court, which constitutes grounds for granting Plaintiff's motion as unopposed. But upon examination of Plaintiff's papers, this Court finds that granting Plaintiff's motion is legally justified as to only two of the three affirmative defenses.

**B.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedures allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). "[M]otions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so." Kochan v. Kowalski, 478 F. Supp. 3d 440, 450–51 (W.D.N.Y. 2020) (citing Holland v. Chase Bank USA, N.A., 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020) (quotation omitted)).

The Second Circuit recently clarified the standard for deciding a motion to strike an affirmative defense, explaining that an affirmative defense should be stricken if (1) it is not plausibly pled or (2) "it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 97-98 (2d Cir. 2019). "[T]he plausibility standard of Twombly applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense," such that a party must "support [its] defenses with *some factual allegations* to make them plausible."

3

GEOMC, 918 F.3d at 98-99 (emphasis added).

After considering a defense's factual and legal sufficiency, a court must consider whether the inclusion of the affirmative defense will prejudice the plaintiff. Id. at 98-99. Inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation. Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425–26 (S.D.N.Y. 2010).

But "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation. A defendant with such a defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability." GEOMC, 918 F.3d at 98 (citing Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 260 (2d Cir. 2002)).

C. **Defendants' second and third affirmative defenses are stricken as insufficiently pled.**

This Court first examines whether there are any facts asserted to support these defenses.  Defendants' second affirmative defense is that Plaintiff's damages, if any, were "due to the affirmative actions and/or omissions of Plaintiff or others." (Docket No. 9 at p. 7.) This statement gives Plaintiff no notice of what actions he or another took that could have caused his damages. This does not contain sufficient factual matter under Twombly and Iqbal.  Defendant's third affirmative defense is that any violation was the result of a bona fide error. (Id. at p. 7.)  Pleadings asserting error are subject to the heightened pleading standard of Rule 9 (b). Fed. R. Civ. P. 9 (b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). This Court has held that in a fair debt collection case such as this, if there is "no indication whatsoever of what [the] error might be," the defense should be stricken. Godson v. Eltman, Eltman

4

& Cooper, P.C., 285 F.R.D. 255, 260 (W.D.N.Y. 2012). This Court finds that Defendants' bona fide error defense does not contain sufficient factual matter to make Defendants' claim of error plausible, let alone to meet the heightened pleading standard of Rule 9 (b).

Defendants' seventh affirmative defense states that "Plaintiff's claims are or may be subject to an arbitration agreement requiring them to submit their claims to mandatory and binding arbitration." (Docket No. 9 at p. 8.) This Court does not find this defense insufficiently pled. Failure to raise an arbitrability defense can be waived if a party fails to timely raise it, so it was warranted for Defendants to raise this issue as early as possible. Cotton v. Slone, 4 F.3d 176, 179 (2d Cir.1993). Further, Defendant's pleading, while sparse, conveys the necessary fact: that an arbitrability agreement exists which may preclude the current action. This pleading serves to put Plaintiff on notice that such an agreement exists.

Prejudice to Plaintiff is clear in the case of the second and third affirmative defenses, as the bald legal conclusions in Defendant's answer deprive Plaintiff of "fair notice, buttressed by sufficient facts, of the affirmative defenses that the defendant intends to assert," thereby preventing Plaintiff from knowledgeably responding. Godson, 285 F.R.D. at 259. The affirmative defense of an arbitration agreement does not prejudice Plaintiff—rather it puts her on notice of potential issues for motion practice or discovery.

Because leave to amend should be freely given, see Fed. R. Civ. P. 15 (a), this Court will grant Defendants leave to amend their second and third affirmative defenses to include sufficient factual material to support their defenses. Godson, 285 F.R.D. at 259 (striking affirmative defenses that were insufficiently pled but granting 14 days to replead with adequate facts).

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion to strike is granted in part and denied in part. Because Plaintiff filed her motion after default was entered, this Court will direct the Clerk of Court to set aside its entry of default. Because Defendants do not oppose Plaintiff's motion, and because this Court finds that Defendants have not sufficiently pled their second and third affirmative defenses, these defenses will be stricken. Plaintiff's motion is denied as to Defendant's seventh affirmative defense. Defendants are granted leave to amend their answer to plead facts in support of their second and third affirmative defenses. Plaintiff's motion to set a Rule 16 conference will be denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that the Clerk of Court is directed to SET ASIDE the entry of default. (Docket No. 8.)

FURTHER, that Plaintiff's Motion to Strike (Docket No. 10) is GRANTED IN PART and DENIED IN PART.

FURTHER, that Defendants are granted leave to amend their second and third affirmative defenses.

FURTHER, that if Defendants do not file an amended answer within 14 days of the entry date of this decision, the Clerk of Court is DIRECTED to STRIKE the second and third affirmative defenses from Defendants' Answer (Docket No. 9) without further order of this Court.

FURTHER, that Plaintiff's Motion to Set a Rule 16 Conference (Docket No. 12) is DENIED.

SO ORDERED.

Dated: August 19, 2021
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
