UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMELY LARISSA APARICIO, F/K/A EMELY
LARISSA FUNES,

        Plaintiff,

        v.

COMPASS RECOVERY GROUP, LLC, and
BRIGHTWATER CAPITAL, LLC,

        Defendants.

**DECISION AND ORDER**

21-CV-452S

## I. INTRODUCTION

Before this Court is Plaintiff Emely Larisa Aparicio's motion for summary judgment, which this Court will deny for the following reasons.

## II. BACKGROUND

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act when it made certain statements to her, her employer, and her father in connection with the collection of a debt.

Plaintiff commenced this action on March 29, 2021. (Docket No. 1.) On June 25, 2021, the Clerk of Court entered default against Defendants after they failed to timely answer. (Docket No. 8.) Defendants filed an answer on June 28, 2021, but did not move to set aside the entry of default. On July 15, 2021, Plaintiff moved to strike Defendants' answer, and on August 17, 2021, Plaintiff filed a motion to set a Rule 16 conference. (Docket Nos. 11, 12.)

On August 19, 2021, this Court vacated the Clerk's entry of default, granted in part and denied in part Plaintiff's motion to strike, and denied Plaintiff's motion to set a Rule

1

16 conference. (Docket No. 13.) This Court then referred this matter to the Honorable Leslie G. Foschio, United States Magistrate Judge, for supervision of all pretrial proceedings. (Docket No. 14.)

Pursuant to Judge Foschio's scheduling order, issued on September 14, 2021, the parties' mandatory disclosures were due by November 23, 2021, a mediator was to be selected by December 7, 2021, and a first mediation session was to be held by February 1, 2022. On November 9, 2021, Judge Foschio held a case management conference, which Defendants failed to attend. (Docket No. 17.)

On November 11, 2021, Plaintiff moved for sanctions pursuant to Rules 16 (f) and 36 (f), seeking reasonable expenses related to the November 9, 2021 conference. (Docket No. 19.) Defendants did not respond to this motion. Then, on December 16, 2021, Plaintiff moved for summary judgment, asking this Court to deem admitted her requests for admission because Defendant had failed to respond to them in 30 days, as required by Rule 36 (a)(3). (Docket No. 21.) Defendants filed their response in opposition April 7, 2022. (Docket No. 30.) After Plaintiff replied (Docket No. 31), this Court took Plaintiff's motions under advisement without oral argument.

### III.  DISCUSSION

**A.   Motion for Summary Judgment**

Plaintiff seeks summary judgment as to all her claims against Defendants. She asks this Court to deem admitted all of her requests for admission pursuant to Rule 36 (a)(3). She argues that, with these facts admitted, there is no genuine issue of material fact and summary judgment is warranted.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the movant's burden to show that no genuine factual dispute exists, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970), and all reasonable inferences must be drawn in the non-movant's favor, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). Further, in determining whether the moving party has met its burden of showing the absence of a genuine issue for trial, the district court "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (citing Giannullo, 322 F.3d at 143 n. 5 (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts")).

This District's Local Rule of Civil Procedure requires that "upon any motion for summary judgment pursuant to Fed. R. Civ. P. 56 there shall be annexed to the notice of motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is not genuine issue to be tried. Each such statement must be followed by citation to admissible evidence or to evidence that can be presented in an admissible form at trial as required by Fed. R. Civ. P. 56 (c)(1)(A).

3

… Failure to submit such a statement may constitute grounds for denial of the motion." L. R. Civ. P. 56.

Here, this Court is unable to resolve Plaintiff's motion. Plaintiff did not file a statement of material facts in support of her motion for summary judgment. Nor is there an evidentiary record from which this Court can determine the merits of Plaintiff's claims. Plaintiff asks this Court to deem admitted all her requests for admission, and to combine these admissions with her complaint to find that there is no genuine issue of material fact. This Court declines to do so and finds that summary judgment is not warranted at this juncture.

In their brief opposing Plaintiff's motion, Defendants assert that discovery has barely begun and that Plaintiff herself has not yet made initial disclosures pursuant to Judge Foschio's scheduling order. (Docket No. 30 at p. 1.) Defendants ask this Court to compel the parties to engage in discovery and mediation before proceeding to the dispositive motion stage. (Id. at p. 4.) This is a reasonable course of action.

Whether Defendants have participated diligently in discovery—something that may be resolved through Plaintiff's pending motion for sanctions—it is in the interest of judicial economy to permit discovery to proceed and to compel the parties to mediate before this Court considers a motion for summary judgment.

Because Plaintiff has failed to comply with the requirements of Local Rule 56, this Court will deny her motion for summary judgment without prejudice. This Court further recommits this case to the consideration of Judge Foschio for the resumption of pretrial proceedings.

B.     **Motion for Sanctions**

Because this case is referred to Judge Foschio for supervision of discovery, this Court reserves Plaintiff's motion for discovery sanctions to his sound discretion. (Docket No. 19.)

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment (Docket No. 21) is denied without prejudice, and her motion for discovery sanctions (Docket No. 19) is reserved to Judge Foschio for such further proceedings as he deems necessary.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Summary Judgment (Docket No. 21) is DENIED WITHOUT PREJUDICE.

FURTHER, that this case is recommitted to Judge Foschio for supervision of discovery, including the resolution of Plaintiff's motion for discovery sanctions. (Docket No. 19.)

SO ORDERED.

Dated:     May 23, 2022
           Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge